Case 7:25-cv-09699-KMK Document 32 Filed 07/21/26 Page 1 of 12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDIANN CALKIN,

Plaintiff,

v.

ORANGE COUNTY CEREBRAL PALSY ASSOCIATION, INC., WILLIAM SCHWARTZ AND MELANIE MOORE,

Defendants.

**STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

Civil Action No.: 7:25-cv-09699

THIS matter having come before the Court by stipulation of Plaintiff, Judiann Calkin, and Defendants, Orange County Cerebral Palsy Association, Inc., William Schwartz and Melanie Moore ("Defendants"), for the entry of a Protective Order limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by either party and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below; and the parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

IT IS hereby ORDERED that:

1. This Stipulation is being entered into to facilitate the production, exchange and discovery of documents and information that the parties agree merit confidential treatment (hereinafter the "Documents" or "Testimony").

2. Either party may designate Documents produced, responses to a discovery request, or Testimony given, in connection with this action as "Confidential," either by notation

Case 7:25-cv-09699-KMK Document 32 Filed 07/21/26 Page 2 of 12

on the document, statement on the record of the deposition, written advice to the respective undersigned counsel for the parties hereto, or by other appropriate means.

3. As used herein:

(a) "Confidential" information shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, if such Documents or Testimony contain personal confidential information which would invade the privacy rights of current and/or former employees, including, personal health information; trade secrets; proprietary business information; competitively sensitive information; salary and other confidential employment information or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the party, the conduct of that party's business or the business of any of that party's employees, vendors, customers or clients.

(b) "Producing Party" shall mean the party to this action and any third-party producing "Confidential" information in connection with depositions, document productions, or otherwise.

(c) "Receiving Party" shall mean the party to this action and any non-party receiving "Confidential" information in connection with depositions, document productions, or otherwise.

(d) "Highly Confidential – Attorneys' Eyes Only" shall mean extremely sensitive "Confidential" information, disclosure of which to another party or non-party could result in significant competitive or personal harm, and which shall not be disclosed to any party other than outside counsel of record, unless otherwise ordered by the Court or agreed to in writing.

Case 7:25-cv-09699-KMK Document 32 Filed 07/21/26 Page 3 of 12

4. Counsel for any party may, at any time, challenge the designation of a document, deposition testimony or other material as "Confidential." If the Parties cannot resolve a dispute concerning the appropriateness of a "Confidential" designation, the Producing Party shall have the burden of moving the Court for a protective order or following the procedure(s) otherwise established by the Court for upholding the protection of "Confidential" information. The documents, deposition testimony or other material shall continue to be treated as "Confidential" pending any motion for a protective order or established by the Court for upholding the protection of "Confidential" information.

5. "Confidential" information shall be utilized by the Parties only for purposes of this litigation and for no other purposes. Except with the prior written consent of the Producing Party or by Order of the Court, "Confidential" information shall not be furnished, shown or disclosed to any person or entity except to:

(a) Plaintiff or Defendants, including personnel of Defendant Orange County Association, Inc., actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

(b) counsel for the parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(c) expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding

Case 7:25-cv-09699-KMK Document 32 Filed 07/21/26 Page 4 of 12

herein; provided, however, that such information is furnished, shown or disclosed in accordance with paragraph 6 hereof;

(d) the Court and Court personnel, if filed in accordance with paragraph 10 hereof;

(e) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with paragraph 9 hereof;

(f) trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraph 8, respectively, hereof; and

(g) any other person agreed to in writing by the parties or so ordered by the Court.

6. Before any disclosure of "Confidential" information is made to an expert witness or consultant pursuant to paragraph 5(c) or 6 hereof, counsel seeking to disclose to an expert witness shall obtain the expert's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the Receiving Party obtaining said agreement shall supply a copy to counsel for the Producing party at the time of the disclosure.

7. Should the need arise for any of the parties to disclose "Confidential" information during any hearing or trial before the Court, including through argument or the presentation of evidence, such party shall do so pursuant to any Court established directions or procedures, or in the absence of such established directions or procedures, take steps necessary to preserve the confidentiality of such "Confidential" information to the extent possible.

8. This Stipulation shall not preclude counsel for the parties from using during any deposition in this action any documents or information which have been designated

Case 7:25-cv-09699-KMK Document 32 Filed 07/21/26 Page 5 of 12

as "Confidential" information under the terms hereof. Any court reporter and deposition witness who is given access to "Confidential" information shall, prior thereto, be provided with a copy of this Stipulation and shall abide by its terms.

9. A party may designate information as "Confidential" subject to this Stipulation, any document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof. In the case of Documents, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to thirty (30) days after actual receipt of copies of those documents by counsel for the party asserting the confidentiality privilege. In the case of deposition Testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to thirty (30) days after the transcript is received by counsel for the party asserting the confidentiality privilege. Prior to the expiration of such thirty (30) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as "Confidential" information. Counsel for any party may challenge the designation of a document or other material as "Confidential" information in accordance with the procedures in paragraph 4.

10. Any party who seeks to file with the Court any deposition transcripts, exhibits, answers to interrogatories, and other documents which have previously been designated as containing "Confidential" information, and any pleading, brief or memorandum which reproduces, paraphrases or discloses "Confidential" information, shall do so pursuant to any Court established directions or procedures, or in the absence of such established directions or procedures, take steps necessary to ensure that the "Confidential" information is filed under seal and is maintained by the Court under seal until further order of the Court.

Case 7:25-cv-09699-KMK Document 32 Filed 07/21/26 Page 6 of 12

11. Any person receiving "Confidential" information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

12. Any document or information that may contain "Confidential" information that has been inadvertently produced without identification as to its "Confidential" nature may be so designated by a party providing written notice to the undersigned counsel for the other party, identifying the document or information as "Confidential" information within a reasonable time following the discovery that the document or information has been produced without such designation.

13. Extracts and summaries of "Confidential" information shall also be treated as confidential in accordance with the provisions of this Stipulation.

14. The production or disclosure of "Confidential" information shall in no way constitute a waiver of a party's right to object to the production or disclosure of other information in this action or in any other action.

15. This Stipulation is entered into without prejudice to the right of either party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, or other applicable law.

16. This Stipulation shall continue to be binding after the conclusion of this litigation except: (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal in accordance with paragraph 10 hereof); and (b) that a party may seek the written permission of the other party or further order of the Court

Case 7:25-cv-09699-KMK Document 32 Filed 07/21/26 Page 7 of 12

by motion with respect to dissolution or modification of any provision of this Stipulation. The provisions of this Stipulation shall, absent prior written consent of both parties, continue to be binding after the conclusion of this action.

17. Nothing herein shall be deemed to waive any privilege recognized by law or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure or a concession as to the nature of the confidentiality of the documents.

18. Nothing herein shall require disclosure of information which is protected by the attorney-client privilege, work product immunity or other privilege or immunity, and the inadvertent production of information or materials that are protected by the attorney-client privilege, work product immunity, or other privilege or immunity shall not operate as a waiver of such privilege or immunity. If a party becomes aware that it has inadvertently produced information or materials that are protected by the attorney-client privilege, work product immunity, or other privilege or immunity, that party should promptly notify the other party in writing of the inadvertent production. Once the other party receives notice in writing of the inadvertent production, it shall make reasonable efforts to gather copies of the information and materials that were distributed to others and shall return all copies of such inadvertently produced material within three (3) business days of receiving such notice. Any notes or summaries referring or relating to any such inadvertently produced material subject to claim of privilege or immunity shall be destroyed forthwith. Nothing herein shall prevent the other party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a challenge to the Court. The party that inadvertently produced such information or materials bears the burden of establishing the

Case 7:25-cv-09699-KMK Document 32 Filed 07/21/26 Page 8 of 12

privileged nature of any inadvertently produced information or materials. Each party shall refrain from distributing or otherwise using the inadvertently disclosed information or materials for any purpose until the discoverability of the materials is agreed to by the parties or resolved by the Court. Notwithstanding the foregoing, a party may use the inadvertently produced information or materials solely to respond to a motion by the party seeking return or destruction of such information or materials. If a party becomes aware that it is in receipt of information or materials which it knows or reasonably should know were inadvertently sent, the party in receipt of such information or materials shall promptly notify the Producing Party of such information or materials, in accordance with Rule 4.4(b) of the New York Rules of Professional Conduct.

19. Upon written notice by the Producing Party following the final termination of this litigation by settlement or exhaustion of all appeals, all "Confidential" and "Highly Confidential–Attorneys' Eyes Only" information produced or designated and all reproductions thereof shall be returned to the Producing Party or shall be destroyed. In the event that any party chooses to destroy physical objects and documents, such party shall certify in writing within sixty (60) days of such written notice following the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents (including but not limited to deleting all electronic copies of such documents that have not been archived, backed-up, or are otherwise difficult to access), and that such physical objects and documents have been destroyed to the best of its knowledge, including but not limited to by deleting all electronic copies of such documents that have not been archived, backed-up, or are otherwise difficult to access. Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. Nothing in this Stipulation

Case 7:25-cv-09699-KMK Document 32 Filed 07/21/26 Page 9 of 12

shall prohibit a party from using its own records and business documents in the normal course of business. This Stipulation shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

20. This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, to apply for a protective order relating to confidential documents or information, to specifically object to the production of specific documents or information, to apply for an order compelling the production of documents or information, or to seek or agree to different or additional protection for any particular material or information.

Submitted by and agreed to for and on behalf of all Parties:

Dated: July 15 2026
Astoria, New York

**SACCO & FILLAS LLP**

Scott William Clark

Scott Clark, Esq.
31-19 Newtown Ave, Seventh Floor
Astoria, New York 11102
Telephone: (718) 269-2251
sclark@saccofillas.com

*Attorneys for Plaintiff*

Dated: July 21 2026
New York, New York

**BOND, SCHOENECK & KING, PLLC**

Kymberley Walcott-Aggrey

Mary Ellen Donnelly, Esq.
Kymberley Walcott-Aggrey, Esq.
600 Third Avenue, 22nd Floor
New York, NY 10016
(646) 253-2392
mdonnelly@bsk.com
kaggrey@bsk.com
*Attorneys for Defendants*

**SO ORDERED:**

Hon. Kennth M. Karas, U.S.D.J.

7/21/26

Case 7:25-cv-09699-KMK Document 32 Filed 07/21/26 Page 11 of 12

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDIANN CALKIN,

Plaintiff,

v.

ORANGE COUNTY CEREBRAL PALSY ASSOCIATION, INC., WILLIAM SCHWARTZ AND MELANIE MOORE,

Defendants.

**AGREEMENT WITH RESPECT TO CONFIDENTIAL INFORMATION**

Civil Action No.: 7:25-cv-09699

I, ______________________, state that:

1. My address is ______________________________________________.

2. My present employer is ______________________________________.

3. My present occupation or job description is ____________________.

4. I have received a copy of the Stipulation and Order for the Production and Exchange of Confidential Information (the "Stipulation") entered in the above-entitled action on ______________________ (date).

5. I have carefully read and understand the provisions of the Stipulation.

6. I will comply with all of the provisions of the Stipulation.

7. I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this action, any "Confidential" information that is disclosed to me.

8. I will return all "Confidential" information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the "Confidential" information.

9. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulation in this action.

Dated: ____________________ ____________________________________